**BINGMER, Plaintiff-Appellee v. BINGMER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3544. Decided April 26, 1943.

H. S. Kerr, Columbus, for plaintiff-appellee.
Isadore Margulis, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

In order that the controversy between the parties may be understood, it will be necessary for the court to present the chronology of this proceeding in some detail.

On January 7, 1942, Helen Bingmer, plaintiff-appellee, filed a petition against the defendant, setting out a cause of action against the defendant for alimony, asking that an order be made requiring the defendant to pay her a reasonable sum as temporary alimony and a further sum as expense money, and that upon the final hearing she be awarded permanent alimony.

On January 24, 1942, plaintiff filed an amended petition in which she prays for divorce from the defendant and that she be awarded permanent alimony.

On February 16, 1942, the court ordered that the defendant pay to the plaintiff as temporary alimony the sum of $75.00 per month, the first payment to be made as of February 14, 1942, and that said payments continue until the further order of the court. It was further ordered that the defendant pay to the plaintiff, through the office of attorney for plaintiff, the sum of $150.00 as expense money payable forthwith; that the payment specified as temporary alimony and expense money are made a lien on all equity owned by the defendant in real estate.

On March 11 it was order by the court that the marriage contract existing between the parties be dissolved; that the plaintiff be given the care of the minor son; that by reason of the default of the defendant the plaintiff is entitled to permanent alimony. It is ordered that the defendant pay to the plaintiff as alimony and for the support and maintenance of her minor son the sum of $12.00 each week until the minor son arrives at the age of 21 years, and upon the arrival of said minor son at the age of twenty-one years the payment of alimony be modified but not vacated.

On October 22, plaintiff filed an affidavit reciting the fact that the defendant has been ordered to pay $75.00 monthly and a further sum of $150.00 as expense money and that he has made no payment in compliance with such order.

On the same day it was adjudged by the court that the defendant be and appear before a judge of the Court of Common Pleas on the 24th day of October and there to show cause, if any he has, why he should not be punished as for contempt of court for disobedience of a former order of the court made herein.

A bill of exceptions is presented showing the fact that the defendant deliberately disposed of his property and left the state of Ohio with the woman with whom he is charged with having lived in adultery and went to California where he spent the money that accrued from the sale of property which he had in his possession at the time that the court ordered him to pay temporary alimony. Upon his return to Ohio he was cited to appear for a hearing upon application of the plaintiff for a rule in contempt. The bill of exceptions recites that the defendant is guilty of contempt, to which finding the defendant excepted and filed his motion for a new trial for the following reasons:

(1) That the court erred in allowing a rule in contempt against him upon a temporary alimony order issued in February, 1942, and which was subsequently automatically voided by a divorce decree issued on March 11, 1942.

(2) Because said rule in contempt is contrary to law.

(3) Because the rule is contrary to the weight of the evidence.

(4) Is not supported by sufficient evidence.

(5) And for other errors.

The court overruled said motion and entered judgment in favor of the plaintiff and against the defendant.

On October 24 the defendant filed an answer and prayed that the amended petition be dismissed.

We do not find in the transcript of the docket and journal entries any formal entry finding the defendant guilty of contempt, but do find the original entry which was not noted in the transcript. It was filed Oct. 30, 1942. In this entry the court finds the defendant guilty of contempt. The transcript may be amended so as to show this entry in its proper place.

On October 31, defendant filed a motion for a rehearing on the rule in contempt for the following reasons:

(1) That the court erred in allowing a rule in contempt against him on a temporary alimony order which was issued in February, 1942, and was subsequently automatically voided by a divorce decree issued on March 11th.

(2) Because the rule in contempt is contrary to law.

(3) Contrary to the weight of the evidence.

(4) Not supported by sufficient evidence.

(5) For further errors.

On November 16, 1942, defendant filed his notice of appeal to review a judgment of guilty on the charge of contempt, and the court fixed the appeal bond in the sum of $50.00.

The substance of this rather complicated proceeding is an appeal from the order of the court finding the defendant guilty

of contempt in that he failed to pay the temporary alimony ordered by the court in accordance with the court's order and in direct contempt of that order.

The defendant has filed a brief seeking to sustain his position, the substance of which is that after the court has ordered the plaintiff to pay temporary alimony a subsequent decree for divorce granted on an amended petition automatically dissolves the first order made by the court for the payment of temporary alimony. This is a novel position and is not sustained by any cases in Ohio and does not commend itself to our judgment. The court made an order requiring defendant to pay temporary alimony. The defendant has refused to pay the same. While the first petition was for alimony only, the second petition was for divorce and alimony. The filing of the second petition and the judgment thereon did not automatically void the judgment of the court ordering the defendant to pay temporary alimony. The order is still extant upon the records of the court and before the defendant can avoid its consequences he should have taken some action by which the court could have set aside the entry. Even though the court may have been wrong in granting the order for temporary alimony, yet it is an order of the court entitled to be observed by the defendant. The defendant sought to avoid it by leaving the city of Columbus and going to California with his paramour, where he squandered the property that he had at the time the court ordered him to pay the alimony. If it be possible that he could secure the voidance of the court order that he pay alimony by such proceeding, then such proceeding upon his part would be a travesty upon justice.

We remark that the record in this case is most carelessly prepared and has caused the court several hours of diligent research in order to straighten out that which the defendant should have put in order before he filed an appeal in this court. Any future filings such as appear here will be dismissed.

Judgment of the court below affirmed.

BARNES, P. J., and HORNBECK, J., concur.

## ON APPLICATION FOR REHEARING

No. 3544.   Decided May 19, 1943.

H. S. Kerr, Columbus, for plaintiff-appellee.
Isadore Margulis, Columbus, for defendant-appellant.

BY THE COURT:

We have before us a motion for rehearing and for a reconsideration of the court's order heretofore made. There is also a request for oral hearing of the motion. Counsel has not been careful in following Rule XI providing for rehearing. Under such rule no motion can be made for rehearing. Applications for rehearing must be made in accordance with the rule. No argument of the cause on such application will be permitted. The "motion" of counsel simply reiterates the objections he has heretofore made to

the judgment rendered by the court. This court had passed upon all those questions, as appears in the opinion.

Application for rehearing denied, and request for oral hearing, likewise denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.