KENNEDY, PLAINTIFF-APPELLANT, v. KENNEDY, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Mahoning County.

No. 4287.   Decided March 26, 1963.

Messrs. *Modarelli & Modarelli*, for plaintiff-appellant.
Mr. *John H. Davidson, Jr.*, for defendant-appellee.

FRANCE, J. This appeal on questions of law is from an order of the Court of Common Pleas of Mahoning County, Division of Domestic Relations, which entered judgment on accrued arrears of temporary alimony.

Plaintiff filed action for divorce on July 15, 1960. On July 21, 1960, defendant applied for award of alimony *pendente lite*, which award was made October 13, 1960. After first filing cross-petition for permanent alimony, defendant amended to pray for divorce and after various preliminary hearings, including contempt citations, the divorce action was heard, on the petition and cross-petition, on January 26, 1962. The matter was taken under advisement and no decree rendered until May 28, 1962.

In the meantime, on May 15, 1962, defendant moved for order reducing to judgment the arrearages of temporary alimony. The motion was set for hearing on May 29, 1962, and on the day prior thereto the court entered decree of divorce, distribution of property and lump sum permanent alimony, payable in a fixed number of monthly installments. The decree was entirely silent on the subject of arrears of temporary alimony.

Thereafter, on September 7, 1962, the court passed on the motion to reduce arrears to judgment and entered judgment in the amount of $430.00, which the parties stipulated was the amount of arrearage under the pendente lite order.

Two errors are assigned:—

1. That the judgment is contrary to law.

2. That the court had no jurisdiction over the subject matter having divested itself of such jurisdiction by the decree of May 28, 1962.

The assignments are argued together under the claim that the decreed divorce, with its award of alimony, merged all alimony claims, and that from and after this decree all alimony claims were completely adjudicated.

There are two lines of authority covering the subject. In the one it is held that entry of final judgment and decree supersedes

an order for temporary alimony, which does not continue after dismissal, discontinuance or abandonment of the action. *Walter* v. *Walter*, 15 App., D. C., 333; *Duss* v. *Duss* (Fla.), 111 Southern, 382; *Richardson* v. *Richardson* (Minn.), 15 N. W. (2d), 127, 154 A. L. R., 526; *Re: Thrall* (N. Y.), 42 N. Y. S., 439, and other New York cases. On examination most of these cases involve proceedings in contempt where judgment had already been entered for arrears, or involved specialized rules such as those imposed by statutes like Sections 1171, 1171-A and 1172 of the New York Civil Practice Act. Others involve situations in which the action had been dismissed on the merits and presumably the husband had resumed ordinary marital obligations for the past and present support of his wife.

The other, and more numerous, line of cases, in which is included *Bingmer* v. *Bingmer*, 72 Ohio App., 522 (Franklin County), takes the position that, while the final decree necessarily terminates obligation for *future* payments of temporary alimony, it does not reach back to discharge the obligation as to prior, past due, installments. The theory is that the obligations imposed by temporary and permanent alimony are entirely different; the first is merely a fiscal definition of the husband's legal duty to support his wife; the second, entirely apart from this duty, imposes a support duty entirley apart from the marriage relation, as between strangers. Consequently the award of temporary alimony is not as appellant terms it "a purely incidental order intended only to facilitate the conduct of the main suit," but one which particularizes and sets limits to the party's duty to provide for a spouse during the marriage relation. It has no connection with or dependence on the final result of the divorce action.

We believe this latter line of cases as collected in 154 A. L. R., 530, is the better reasoned. The *Bingmer case, supra,* is squarely in point and we see no reason to disagree with its holding.

We would agree that, from the wording of the final decree under which payments of permanent alimony installments were to be retroactive to March first, March first rather than May twenty-eighth should be the termination date for accrual of temporary alimony, for there should be no duplicating payments required for the same period. See *Bentz* v. *Bentz,* 171

Ohio St., 535. Since appellant has not seen fit to file bill of exceptions which would demonstrate that there was any accrual of temporary alimony after March 1, 1962, we cannot assume that the trial court required such duplication. There is therefore no error shown in the trial court's reduction of arrears to judgment.

The judgment of the court of common pleas is affirmed.

DONAHUE, P. J., BROWN, J., concur.