DAVIS, APPELLEE, *v.* DAVIS, APPELLANT.

(No. 46152—Decided October 11, 1983.)

*Mr. Jerome M. Dachman,* for appellee Mary Helen Davis.

*Mr. Russell S. Bensing,* for appellant Loxie Davis.

ANN MCMANAMON, J. This appeal arises from a decree of divorce, granted on November 1, 1982, which, *inter alia,* provided for child custody, spousal and child support, and for a distribution of marital assets, including credit to appellee for appellant's arrearage on alimony and child support which had been ordered

*pendente lite.* The appellant, Loxie Davis (the defendant below), cites four assignments of error:

I

"The trial court erred in entering the judgment decree in this case, since said decree fails to represent a fair and equitable distribution of the marital assets."

II

"The trial court's decree, insofar as it pertains to the division of the marital property, is not supported by the evidence."

III

"The trial court erred in ordering the defendant to pay, as arrearage on the temporary alimony and support order, the mortgage payments on the marital home for the period after which defendant was ordered to vacate the home."

IV

"The trial court erred in ordering the defendant to pay, as arrearage on the temporary alimony and support order, the moneys allegedly due for temporary alimony."

Because these assignments all relate to the issue of an arrearage arising from the court's temporary alimony and child support order, we will consolidate them for consideration.

Four hearings were conducted by a referee in regard to alimony and support *pendente lite,* which resulted in an order that appellant pay his wife, appellee, Mary Helen Davis, $20 weekly per child, as well as $20 weekly for spousal support, plus mortgage payments (approximately $122 per month), taxes and insurance on their jointly owned marital dwelling. Appellant's total payments in compliance with this order amounted to $293.74. When the court entered its final decree, allocating marital assets, the Davis' house, which was valued at $28,000 and subject to a $7,000 mortgage, was

ordered sold, with the proceeds to be divided equally between the parties. However, the court subjected appellant's portion of the sale price to the deduction of $8,160.49, which represented his arrearage on the temporary alimony and support previously ordered. This sum was to be paid to appellee.

Loxie Davis argues that the trial court abused its discretion when it ordered that his arrearage on support *pendente lite* be deducted from his share of the proceeds from the sale of the marital home. It is his contention that this resulted in an inequitable distribution of the marital assets. He claims that the pretrial award was predicated on false and/or inoperative facts alleged by his ex-wife in the affidavit filed with her application, and that the court inequitably charged him with mortgage payments after he was ordered to vacate the house. Although appellant claims in his brief that these matters were "made abundantly clear to the referee and to the court prior to its disposition of the case," he has provided this court with a scant three-page narrative transcript (incorporating the referee's findings of fact) to which the scope of our review must be limited. See *Horton* v. *Gold Circle Discount Stores* (Feb. 7, 1980), Cuyahoga App. No. 40386, unreported; App. R. 12(A). Civ. R. 75(M) governs the application procedure for temporary alimony and child support.[1] The rule delineates the manner in which an opposing party may contest a request for support by counteraffidavit within fourteen days and/or by motion to modify within twenty-eight days of a temporary order. The record of this case is devoid of such counteraffidavit or written request for modification by the appellant by reason of his removal from the marital premises or otherwise. If, as appellant claims, the facts on which appellee based her request for temporary support were false or inoperative, it was incumbent upon appellant to bring these matters to the attention of the court through the means and within the time frame provided by Civ. R. 75(M), rather than to allow the accumulation of unpaid support payments in the misguided hope that they would be forgiven or forgotten by the trial court in its final judgment.

We are unable, in examining the narrative transcript of the proceeding which appellant has provided, to ascertain the nature of the claimed "false or changed" circumstances, or to determine whether they were brought to the attention of the court during the four hearings conducted while the suit was pending. It is impossible for this court to discern whether or not the trial judge's initial order or final judgment was an abuse of discretion or unsupported by the evidence as appellant

---

[1] Civ. R. 75(M) provides:

"(1) When requested in the complaint, answer or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or referee, without oral hearing and for good cause shown, may grant alimony pendente lite to either of the parties for his sustenance and expenses during the suit and may make a temporary order regarding the custody, support, maintenance and care of minor children of the marriage, whether natural or by adoption, during the pendency of the action for divorce, annulment or alimony.

"(2) Counter affidavits may be filed by the other party within fourteen days from the service of the complaint, answer, counter-claim [sic] or motion, all affidavits to be used by the court or referee in making a temporary alimony, child custody, support and care order; and, upon request in writing after any temporary alimony or child custody and support order is journalized, the court shall grant the party so requesting an oral hearing within twenty-eight days to modify such temporary order. A request for oral hearing shall not suspend or delay the commencement of alimony or support payments previously ordered or change the custody of children until the order is modified by journal entry after the oral hearing."

alleges, absent a verbatim or complete narrative transcript of the hearings before the referee. Pursuant to App. R. 9 and 10[2] it was appellant's affirmative duty to transmit this material to the court.

The award and the amount of temporary alimony and child support is a matter resting within the sound discretion of the trial court. *Norton* v. *Norton* (1924), 111 Ohio St. 262; *Stone* v. *Stone* (1954), 98 Ohio App. 240 [57 O.O. 267]. From the record before us, we fail to find any abuse of discretion was committed by the trial court in its award of support *pendente lite.* We reach the same conclusion in regard to the court's final judgment subjecting appellant's share of the proceeds from the sale of their real property to his arrearage on temporary alimony and child support. It is well within the power of the court to reduce arrearages on alimony and child support to a lump sum judgment which is enforceable against a party, the same as any other judgment. See *Kennedy* v. *Ken-* *nedy* (App. 1963), 93 Ohio Law Abs. 274 [29 O.O.2d 224].

No abuse of discretion occurs merely because the trial court chooses to satisfy such a judgment out of the division of marital property. The Supreme Court has posited that:

"A Court of Common Pleas has broad discretion to determine what property division is equitable in a divorce proceeding. The mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." See *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348 [20 O.O.3d 318], paragraph two of the syllabus.

The appellant's assignments of error are not well-taken and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

PARRINO, P.J., and JACKSON, J., concur.

---

[2] App. R. 9(B) states in part:

"At the time of filing the notice of appeal the appellant shall in writing order from the reporter a complete transcript * * * of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such findings or conclusion."

App. R. 10(A) states in part:

"After filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record."