OPINION
Appellant, Robert J. Biscello, Jr., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting appellant and appellee, Linda M. Biscello, a divorce and ordering appellant to pay appellee $1,538.33 per month, plus two percent processing charge in child support.
The parties were married on February 24, 1995, and two children were born as issue of the marriage: Linda J. Biscello, born July 11, 1995; and Carolyn Biscello, born October 15, 1996. Appellee filed a complaint for divorce on July 24, 1997, seeking custody of the parties' minor children and temporary and permanent child support, among other things. Appellee also filed a motion for temporary orders pursuant to Civ.R. 75(M) [now Civ.R. 75(N)], including a request for temporary child support. Appellant filed an answer, requesting visitation rights but not custody of the parties' minor children. Prior to the temporary orders hearing, both parties filed the required financial affidavits; however, only appellee filed a child support worksheet as required by Loc.R. 21 of the Court of Common Pleas of Franklin County, Division of Domestic Relations. The magistrate issued temporary orders on October 10, 1997, ordering appellant to pay appellee $1,538.33 per month, plus two percent poundage (now processing charge) in temporary child support. Although appellant subsequently filed a request for an oral hearing, pursuant to Civ.R. 75(M)(2) [now Civ.R. 75(N)(2)], to modify the temporary child support order, he withdrew his motion on November 6, 1998, prior to the final divorce hearing.
The trial court held a final divorce hearing on December 7, 1998. The trial court issued a decision on January 4, 1999, carrying forward the temporary orders, including the temporary child support order, as the final orders of the court. The trial court issued a Judgment Entry — Decree of Divorce on January 14, 1999, incorporating the final orders in the January 4, 1999 decision. Appellant filed a timely notice of appeal.
On appeal, appellant asserts one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY ORDERING CHILD SUPPORT PAYMENTS IN THE AMOUNT SET BY THE TEMPORARY ORDERS AND NOT ACCORDING TO THE EVIDENCE PRESENTED AT TRIAL.
In appellant's single assignment of error, he argues that the trial court abused its discretion by adopting the temporary child support order as a final order of the court despite evidence that his income had decreased. We disagree.
A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390; Boothv. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218.
Temporary orders of child support pendente lite are governed by Civ.R. 75(N) [formerly Civ.R. 75(M)]. Under this rule, the domestic relations court may grant a temporary child support order during the pendency of a divorce action if requested by a party in the complaint, answer, counterclaim or by motion served with the pleading. The party requesting a temporary child support order must submit affidavits, and the trial court may grant temporary orders based on the affidavits without an oral hearing. The other party may file counter-affidavits within fourteen days of the service of the complaint, answer, counterclaim, or motion requesting temporary orders. If either party seeks to modify a temporary order, then that party must request an oral hearing in writing after the temporary order has been journalized, as provided in Civ.R. 75(N)(2), and the trial court must grant the party an oral hearing to consider modifying the temporary orders within twenty-eight days. If the oral hearing to modify temporary orders is held before a magistrate and a party wishes to appeal the temporary orders to the trial court, then a party must file a motion to set aside within ten days under Civ.R. 53(C)(3)(b). Temporary orders are merged within the final decree unless they are specifically addressed in the final decree.Colom v. Colom (1979), 58 Ohio St.2d 245, syllabus.
Here, appellee requested temporary child support in her complaint and by separate motion. Both parties submitted affidavits prior to the magistrate's granting temporary orders. Appellant's affidavits indicated that he earned $10,000 per month. As noted above, only appellee submitted a proposed child support worksheet as required by Loc.R. 21 of the Court of Common Pleas of Franklin County, Division of Domestic Relations. The magistrate adopted appellee's child support worksheet, which reflected appellant's income as $10,000 per month, resulting in a temporary child support order of $1,538.33 per month, plus two percent poundage (now processing charge). Although appellant subsequently filed a motion requesting an oral hearing to modify the temporary child support order, pursuant to Civ.R. 75(M)(2) [now Civ.R. 75(N)(2)], he later withdrew that motion.
Only appellant and appellee testified at the final hearing, and most of the testimony related to issues of property division. On cross-examination, appellee's counsel questioned appellant regarding his income, believing that appellant's actual income was higher, in an attempt to obtain evidence to serve as a basis for increasing appellant's child support obligation. However, the trial court limited this testimony on the basis that neither party had contested the temporary child support order or appellant's income in the fourteen months between the temporary orders and the final hearing. In response to appellee's counsel's questioning, appellant indicated that he was earning $2,100 or more per month from his rental properties. Appellee's counsel introduced an exhibit prepared by appellant reflecting the status of his rental properties and the monthly rent he was receiving. The total of his monthly rental income indicated in the exhibit was $2,945 as of November 18, 1998. Appellant's counsel did not present any evidence regarding appellant's income. Moreover, appellant's counsel did not request a reduction of appellant's child support obligation at the final hearing.
If appellant disagreed with the temporary child support order, then he bore the burden of raising the issue before the court as provided in Civ.R. 75(N)(2). Davis v. Davis (1983),12 Ohio App.3d 38, 39. Appellant filed a motion for an oral hearing to modify the temporary child support order, but he withdrew that motion. Clearly, appellant had the burden to raise the issue at the final hearing if he desired a reduction in his final child support obligation. However, he submitted no evidence of any change in his income nor did he submit a new child support worksheet. The only evidence before the trial court was the statements elicited by appellee's counsel on cross-examination that appellant's rental income was at least $2,100 and an exhibit reflecting rental income of $2,945 per month.
Despite having presented no evidence and making no request for a reduction, appellant now argues on appeal that the trial court abused its discretion by adopting the temporary child support order as a final order of the court. However, the general rule is that issues not raised before the trial court are waived on appeal, and appellate courts do not have to consider errors that the complaining party could have brought to the attention of the trial court at the time the error could have been corrected.State ex rel. Quarto Mining Co. v. Foreman (1997), 79 Ohio St.3d 78,81. The Supreme Court of Ohio explained:
 These rules are deeply imbedded in a just regard for the fair administration of justice. They are designed to afford the opposing party a meaningful opportunity to respond to issues or errors that may affect or vitiate his or her cause. Thus, they do not permit a party to sit idly by until he or she loses on one ground only to avail himself or herself of another on appeal. In addition, they protect the role of the courts and the dignity of the proceedings before them by imposing upon counsel the duty to exercise diligence in his or her own cause and to aid the court rather than silently mislead it into the commission of error. * * *
Id. citing State v. Williams (1977), 51 Ohio St.2d 112, 117.
Because appellant failed to raise the issue before the trial court, we conclude that appellant waived any error by the trial court in not reducing his child support obligation. Consequently, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
 _____________________________ JUDGE KENNEDY
PETREE and LAZARUS, JJ., concur.