OPINION
{¶ 1} Appellant, Gary E. Rhoades ("appellant"), filed this appeal seeking reversal of the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, directing that he pay child support in the amount of $372.17 per month for his *Page 2 
daughter, Alexandria Rhoades. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellant and appellee, Deborah K. Priddy-Rhoades ("appellee"), petitioned for dissolution of their marriage in January 2001. The petition included a shared parenting plan that included a provision whereby the parties agreed that requiring payment of child support in accordance with the child support guidelines would be inequitable. Thus, a deviation from the child support guidelines was included, and the amount of child support was set at zero.
 {¶ 3} On February 8, 2001, the trial court issued an agreed judgment entry dissolving the marriage, which incorporated the shared parenting plan. The court also made findings of fact to support the deviation from the child support guidelines setting child support at zero. The court determined that the guidelines would have required a payment of $197.46 per month for Alexandria, based on appellant's gross annual income of $18,000 and appellee's gross annual income of zero.[1] The basis for the deviation was that appellant would be making significant in kind contributions to the care of the children, including purchasing clothing, school fees, extracurricular fees, and maintaining health insurance coverage.
 {¶ 4} On June 2, 2005, Franklin County Child Support Enforcement Agency ("FCCSEA") reviewed the case and determined that appellant's child support obligation should be $513.01 per month. This determination was made based on FCCSEA's *Page 3 
conclusion that appellant's gross annual income was $48,838.40, and appellee's gross annual income was $20,608.64. There is no indication of the basis for FCCSEA's determination regarding either party's income, although, on the notice issued by FCCSEA, a box is marked indicating that the conclusion regarding appellant's gross annual income was a "[r]easonable assumption of obligor's income due to non-cooperation."
 {¶ 5} Appellant requested a hearing on FCCSEA's administrative determination, which was held before a magistrate on December 6, 2005. At the hearing, appellant argued that there had been no substantial change in circumstances since the trial court's order finding no child support should be paid. Appellant also argued that the figure used by FCCSEA for his gross annual income was incorrect. Appellee argued that there had been a substantial change in circumstances in that appellant's income had increased significantly since the trial court's findings regarding the child support deviation, and that appellant had not carried health insurance covering Alexandria as specified in the trial court's findings supporting the deviation.
 {¶ 6} The magistrate found that appellee's change in income was a substantial change of circumstances. The magistrate also concluded that a substantial change in circumstances had occurred based on the lack of evidence that appellant had continued to make in kind contributions toward Alexandria's care, and on the fact that appellant had ceased maintaining health insurance covering Alexandria. The magistrate also considered evidence regarding appellant's income from various businesses, including evidence that there were some fluctuations between income from year to year based on *Page 4 
the type of business in which appellant engaged. The magistrate concluded that appellant is capable of earning a gross annual income of $32,364.50 per year. To reach this conclusion, the magistrate used the average of appellant's gross annual income for the years 2003 ($39,436) and 2004 ($25,293).
 {¶ 7} Appellant filed objections to the magistrate's decision, arguing that appellee had not provided any evidence regarding her gross annual income, that the magistrate should have used appellant's gross income for the year 2004 instead of averaging the incomes for 2003 and 2004, and that the magistrate erred in concluding that there had been a substantial change in circumstances. The trial court overruled appellant's objections, and adopted the magistrate's decision.
 {¶ 8} Appellant then filed this appeal, alleging two assignments of error:
 Assignment of Error I
 The Magistrate and the Trial Court erred by finding there was a significant change of circumstances since the original Order, whereby, the parties had agreed that no child support would be paid.
 Assignment of Error II
 The Magistrate and the Trial Court erred by averaging the Petitioner-Husband/Appellant's income for two (2) years rather than applying his 2004 gross income in the child support calculation.
 {¶ 9} With respect to the first assignment of error, appellant argues that the trial court erred in finding that there had been a substantial change in circumstances such that the original child support order should no longer be followed. The magistrate based the decision that there had been a substantial change in circumstances on three factors: (1) *Page 5 
an increase in appellee's gross annual income from zero to $20,608.64, (2) the fact that appellant had ceased maintaining health insurance covering Alexandria, and (3) an increase in appellant's gross annual income.
 {¶ 10} Appellant's argument only addresses the first and second bases for the magistrate's decision. As discussed below, there is some disagreement from appellant regarding the amount of his gross annual income. However, even the lowest of the possible figures for appellant's gross annual income, $25,293 for the year 2004, would represent an increase of $7,293 from the figure used to support the initial child support calculation. This increase in appellant's income by itself would support the finding that a substantial change in circumstances had occurred. See R.C. 3119.79(A). Consequently, we cannot say that the trial court erred when it found that there had been a substantial change in circumstances. Appellant's first assignment of error is therefore overruled.
 {¶ 11} In his second assignment of error, appellant argues that the trial court erred when it used the average of his 2003 and 2004 gross annual incomes in calculating the amount of child support he should pay. Appellant argues that the statutes governing child support make it clear that such income averaging is not permissible. However, R.C. 3119.05(H) states that, "[w]hen the court or agency calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." The decision to use income averaging is within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Scott G.F. v. Nancy W.S., Huron App. No. H-04-015, 2005-Ohio-2750. It may be particularly appropriate to use income *Page 6 
averaging where income is unpredictable or inconsistent. Marquard v.Marquard, Franklin App. No. 00AP-1345, 2001 Ohio App. LEXIS 3495.
 {¶ 12} In this case, the evidence offered at the hearing showed that appellant's income dropped from $39,436 in 2003 to $25,293 in 2004. Appellant testified that the reason for this drop had to do with the manner in which the motor vehicle dealership he owns finances sales to customers. A greater number of defaults by his customers during 2004 resulted in less income for him. Based on the difference in appellant's income from year to year, and the stated cause for this difference, we cannot say the trial court abused its discretion when it elected to use income averaging to calculate appellant's gross annual income. Therefore, appellant's second assignment of error is overruled.
 {¶ 13} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
BRYANT and McGRATH, JJ., concur.
[1] At that time, there were two minor children affected by the child support determination, but at this time Alexandria is the only child who is still a minor. *Page 1