OPINION *Page 2 
{¶ 1} Appellant Stephen F. Hubbard ("Stephen") brings this appeal from the judgment of the Court of Common Pleas of Defiance County, Domestic Relations Division granting his motion for a modification of child support. For the reasons set forth below, the judgment is affirmed in part and reversed in part.
 {¶ 2} On May 16, 1987, Stephen and appellee Christine R. Hubbard ("Christine") were married. Three children were born during the marriage: Joshua (D.O.B. 7/12/1994); Ashley (D.O.B. 3/24/1998); and Austin (D.O.B. 3/24/1998). On May 11, 2007, the parties jointly filed a petition for dissolution of marriage. The petition incorporated a separation agreement resolving all issues. On June 19, 2007, the trial court granted the dissolution of marriage and adopted the amended separation agreement. Pursuant to the agreement, the trial court ordered that Stephen pay child support in the amount of $1,800 per month plus a 2% administrative fee, and that he pay spousal support in the amount of $1,350.00 per month with the amount being reduced by $300 per month from February 5, 2010 forward. Spousal support was set to terminate in 72 months.
 {¶ 3} On January 2, 2008, Stephen filed a motion to modify his child support due to a substantial change of circumstances. Christine then filed a motion on February 6, 2008, asking the court to grant her one of the tax dependency exemptions previously granted to Stephen. A hearing was held on *Page 3 
March 11, 2008, and the trial court requested a copy of Stephen's 2007 tax return which was filed on April 4, 2008. Christine's attorney contacted Stephen and requested Schedule E. Page two of Schedule E was then sent to the attorney, however no page one was sent as it is blank and thus does not exist. On April 21, 2008, Christine filed a motion to show cause as to why page one was not provided and requested sanctions. Stephen then filed his own motion for sanctions on April 22, 2008. A hearing was held on May 28, 2008. On June 2, 2008, the trial court ordered Stephen to provide complete copies of his taxes, both personal and business and allowed Christine to conduct discovery with debates on relevance to be addressed later. On June 18, 2008, Christine filed a 60(B) motion to reopen the settlement agreement. Christine filed a motion to dismiss the 60(B) motion on August 14, 2008, and the motion was dismissed. Additionally, both Christine and Stephen withdrew their respective motions to show cause and for sanctions.
 {¶ 4} On August 21, 2008, Christine filed her post hearing brief. Stephen filed his brief on September 8, 2008. On November 18, 2008, the trial court entered its judgment. The trial court modified the child support, awarded one of the tax exemptions to Christine, granted Stephen credit for support overages, and ordered Stephen to pay $5,000 towards Christine's attorney fees. Stephen appeals from this judgment and raises the following assignments of error. *Page 4 
 First Assignment of Error The trial court abused its discretion by utilizing income averaging and not actual incomes in conjunction with its order for annual re-computation of child support and such order fails to include a commencement date.
 Second Assignment of Error The trial court abused its discretion by awarding $5,000.00 in attorney fees to [Christine].
 Third Assignment of Error The trial court abused its discretion by requiring the child support overage of [Stephen] to be deducted from his current obligation at the rate of $100.00 per month until paid.
 Fourth Assignment of Error The trial court abused its discretion in awarding one of three tax exemptions to [Christine] and such award is against the manifest weight of the evidence.
 Fifth Assignment of Error The trial court erred as a matter of law in not providing for self-employment tax deduction for [Stephen] in the child support computation summary worksheet.
 {¶ 5} In the first assignment of error, Stephen alleges that the trial court erred in using a three year income averaging for calculation of child support when child support will be recalculated annually. "When the court * * * calculates gross income, the court or agency, when appropriate, may average income over a reasonable period of years." R.C. 3119.05(H). The decision to use income *Page 5 
averaging is within the sound discretion of the trial court. Rhoades v.Priddy-Rhoades, 10th Dist. No. 06AP-740, 2007-Ohio-2243, ¶ 11. A court appropriately uses income averaging when the income is unpredictable or inconsistent from year to year. Id.
 {¶ 6} Here, Stephen's income is very unpredictable. His primary source of income is from the law firm and changes from year to year. The very reason Stephen sought a modification of child support is because his income changed drastically from 2006 to 2007. Given the great discrepancies in his income, the trial court did not abuse its discretion by using the income averaging method for calculating child support.
 {¶ 7} A second issue raised by this assignment of error is that the trial court failed to include a commencement date. A review of the record indicates that the trial court set May 15 as the date the recalculation will occur. However, the trial court set forth no details as to how this will occur. Will the parties submit their own calculations or will some other entity be responsible? Will a new hearing be required? How will the court issue its new order? This court sees several practical difficulties with automatic annual recalculations which have not been addressed by the trial court. The details of how this is going to occur need to be resolved. For this reason, the first assignment of error is overruled as to the *Page 6 
use of income averaging and sustained as to the failure to include a commencement date.
 {¶ 8} In the second assignment of error, Stephen claims that the trial court erred in awarding $5,000 in attorney fees to Christine.
 In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable.
R.C. 3105.73. A trial court should consider 1) the needs of any children, 2) changes in circumstances, 3) the ability of the parties to pay, 4) the total amount of the fees, 5) the portion of the fees caused by undue delay or resistance from the parties, and 6) the effect of the payment of the fees on the custodial parent. Padgett v. Padgett, 10th Dist. No. 08AP-269, 2008-Ohio-6815, ¶ 10.
 {¶ 9} In this case, the trial court awarded Christine partial attorney fees based upon Stephen's high income, the trial court's opinion that Stephen caused undue delay, and the fact that Stephen had lower attorney fees because he represented himself for part of the proceedings. No hearing was held before attorney fees were awarded, the attorneys just submitted their itemized bills to the court. This case arose from Stephen's request for a modification of support and Christine's request for one of the tax exemptions. Christine did not request *Page 7 
attorney fees in her motion.[1] At the March 11, 2008, hearing, Christine agreed that Stephen's income had decreased and that he was entitled to a reduction in child support. Tr. 82. The only request that Christine made was that the trial court use a three year income averaging so that she could have some consistency in child support in order to plan her budgets. Tr. 81. At the hearing, the trial court asked both parties to submit their personal tax returns. Tr. 96.
 {¶ 10} After reviewing the record, this court holds that the award of attorney fees was an abuse of discretion. He complied with the request of the trial court by submitting his personal tax return. Although he forgot a page, when this was brought to his attention, he corrected the problem. Christine's motion to show cause was filed because her attorney did not receive page 1 of Schedule E. However, she did not receive it because there was no page 1.[2] Based upon the attorney's perception that Stephen was "hiding something," she sought additional discovery concerning the records of the businesses from which Stephen received compensation. The attorney wanted to see those records so that she could see for herself that Stephen only received the income he claimed. However, these businesses had provided Stephen with K-1's for 2007, the year in question. These *Page 8 
K-1s were Exhibit B at the March 11, 2008, hearing. Stephen had also submitted copies of his W-2s for 2007. As for the prior years, Stephen and Christine were married and Christine already had access to all of those records. Thus, Christine's attorney already had access to all the information she needed to recalculate child support and there was no need for the additional information she sought. Basically, the attorney was "fishing" for reasons to support her Rule 60(B) motion to reopen the separation agreement and increase her client's settlement. After all was said and done, Christine dismissed her motion to show cause and her Rule 60(B) motion. The final figures were all based upon information available to the parties after the submissions of the tax returns at the beginning of April. Thus, it was not Stephen's undue delay or resistance that caused the additional attorney fees, but rather the desire of Christine's attorney to conduct discovery to support a Rule 60(B) motion, which was eventually dismissed.
 {¶ 11} Additionally, this court notes that Christine did not seek attorney fees in her original motion. While R.C. 3105.73(B) may permit sua sponte awards of attorney fees, the general rule is that attorney fees should be borne by each respective party in litigation. Barto v.Barto, 3d Dist. No. 5-08-14, 2008-Ohio-5538, ¶ 40. Awarding attorney fees to the nonprevailing party is generally disfavored. Id. at ¶ 36. Christine prevailed on her motion to obtain one of the tax exemptions, but Stephen prevailed on his motion for a modification of child *Page 9 
support. As discussed above, the resolution of these motions did not call for the majority of the submitted attorney fees. Thus, awarding that amount for prevailing on this motion, when the motion did not ask for attorney fees, is an abuse of discretion.
 {¶ 12} Finally, the trial court did not hold a hearing on attorney fees. Before awarding attorney fees, a trial court must determine the reasonableness of the time spent on the matter and the reasonableness of the hourly rate. Bagnola v. Bagnola, 5th Dist. No. 2004CA00151, 2004-Ohio-7286. Here, the trial court held no hearing, just had the parties submit itemized bills. No evidence was presented that Christine had paid the fees or even been billed for the fees presented. The trial court had no evidence upon which to base a finding of reasonableness. For the reasons discussed above, the trial court erred in awarding attorney fees to Christine. The second assignment of error is sustained.
 {¶ 13} Stephen argues in the third assignment of error that the trial court erred in deducting the $3,100 overage of his child support from his monthly obligation at the rate of $100 per month. The standard of review for reviewing a trial court's decision regarding a support overage is whether the trial court abused its discretion. Davis v.Davis (1983), 12 Ohio App.3d 38, 465 N.E.2d 917. Stephen argues that the trial court's order of a $100 a month credit is an abuse of discretion because he was ordered to make a lump sum payment of $5,000 to *Page 10 
Christine within 30 days. As discussed above, the award of $5,000 in attorney fees was an abuse of discretion. Thus, Stephen no longer owes the $5,000. No other reason was provided as to why the per month credit was an abuse of discretion and this court sees none in the record. The third assignment of error is overruled.
 {¶ 14} In the fourth assignment of error, Stephen alleges that the trial court abused its discretion in awarding one of the three tax exemptions to Christine.
 Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes * * *. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children. *Page 11 
R.C. 3119.82. Since the trial court was modifying child support, the trial court was required to allocate the tax exemptions as well.
 {¶ 15} Stephen argues that the trial court could not change the allocation because there was no evidence that there was a change of circumstances. However, there was a change of circumstances in the form of a change in Stephen's income. Stephen's income went down, which caused the change in child support. Any time a trial court modifies child support, it shall designate which parent may use the tax exemptions. When the parties do not agree, the default is to give the tax exemptions to the residential parent. To do otherwise requires the trial court to make additional findings. Here, the parties were no longer in agreement concerning the tax exemptions as evidenced by Christine's motion requesting the tax exemptions. See Meassick v.Meassick, 171 Ohio App.3d 492, 2006-Ohio-6245, 871 N.E.2d 1210. The trial court in this case found that it was still in the best interest of the children for Stephen to receive two of the three tax exemptions, but awarded one to Christine in the interest of equity. The trial court did not err in awarding Christine one of the exemptions, thus bringing tax savings directly into the residential home. Kager v. Kager, 5th Dist. No. 2005CA00208, 2006-Ohio-2427. The award to Christine complies with the statute and is supported by some credible evidence. Thus, it is not an abuse of discretion and the fourth assignment of error is overruled. *Page 12 
 {¶ 16} Finally, Stephen alleges that the trial court erred by failing to calculate the self-employment taxes he paid in the child support calculation. This court notes that the child support worksheet itself requires a calculation of self-employment tax. R.C. 3119.022 (see line 2c). Thus, the calculation mandates that self-employment taxes be considered.
 {¶ 17} Christine argues that the self-employment taxes need not be subtracted because the self-employment numbers are already net numbers. A review of the record indicates that the self-employment numbers do come from Schedule K-1s, which include the amount dispersed to the members. The amount dispersed is a net number from business in that the business expenses are already deducted. However, this amount does not include self-employment taxes. By definition, the members are not employees, hence the K-1s rather than W-2s, and the company does not pay employment taxes on behalf of the members. The members, including Stephen are required to pay self-employment taxes on their earnings. Thus, Stephen is entitled to have his self-employment taxes calculated on the child support worksheet. Buening v. Buening, 3d Dist. No. 10-08-04, 2008-Ohio-6579. The fifth assignment of error is sustained.
 {¶ 18} For the reasons set forth above, the judgment of the Court of Common Pleas of Defiance County is affirmed in part and reversed in part. The cause is remanded for further proceedings. *Page 13 
 Judgment Affirmed in Part, Reversed in Part, and Cause Remanded
 PRESTON, P.J. and ROGERS, J., concur.
[1] On page 84 of the March 11, 2008, transcript, the attorney replies to an objection concerning submission of attorney fees that Christine sought attorney fees in her motion. A review of the record reveals that no such request was made. This court notes that Christine later filed a motion to show cause and a Rule 60(B) motion. However, both of these motions were voluntarily dismissed by Christine and were not to be considered by the trial court.
[2] Both Stephen and Christine testified that they had independently contacted the accountant who informed them that page 1 of Schedule E was blank so it was not provided to them. *Page 1