VIOX  BUILDERS,  INC.,  Appellant,

v.

SMITH  et al.,  Appellees.

[Cite as *Vioz Builders, Inc. v. Smith* (1991), 77  Ohio  App.3d  151.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–381.

Decided Sept. 12, 1991.

**152**

*Finan, Lippert & Dunlap* and *G. Mitchel Lippert; Vorys, Sater, Seymour & Pease* and *Russell P. Herrold, Jr.,* for appellant.

*Lee Fisher,* Attorney General, and *Gerald H. Waterman,* for appellee Warren J. Smith, Chairman, Industrial Commission of Ohio.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Viox Builders, Inc. ("Viox"), appeals from a judgment of the Franklin County Court of Common Pleas Court upholding the Industrial Commission's denial of additional manual classifications relative to plaintiff's workers' compensation premium calculations.

Plaintiff is a corporation involved in general construction. However, as its president explained, Viox is composed of divisions which compete with outsiders for work on projects undertaken by Viox. For example, if Viox is involved in building construction, the plumbing division might bid against outside plumbers to obtain the plumbing work for Viox's construction project. At the same time, the individual divisions of Viox perform work other than on Viox construction projects. Hence, for example, an electrician from plaintiff's electrical division may be sent to work on an outside project unrelated to any of plaintiff's ongoing construction.

As a result of its somewhat unusual corporate operations, plaintiff sought ten separate manual classifications for its operations: cabinet shop, testing labs, building construction, landscaping, clerical office, masonry, plumbing, electrical system installation, drywall and interior insulating contractors, and traveling sales persons and field representatives. Ultimately the Industrial Commission ("the commission") allowed manual classifications for cabinet shop, testing labs, building construction, landscaping, and clerical office; it denied the remaining classifications.

Plaintiff filed a mandamus action in this court, seeking an order compelling the commission to grant plaintiff the additional manual classifications. This court refused, finding that plaintiff had an adequate remedy in a declaratory

judgment action. *State ex rel. Viox Builders, Inc. v. Lancaster* (Jan. 21, 1988), Franklin App. No. 86AP–605, unreported, affirmed *State ex rel. Viox Builders, Inc. v. Lancaster* (1989), 46 Ohio St.3d 144, 545 N.E.2d 895.

Plaintiff then filed an action in declaratory judgment in the common pleas court. The trial court upheld the commission's order denying plaintiff the additional five manual classifications; and plaintiff appeals therefrom, assigning the following errors:

"I. The trial court erred in applying a mandamus standard to a declaratory judgment case.

"II. The trial court erred in not recognizing that it was unreasonable, discriminatory and unlawful for the Industrial Commission to recognize ten separate categories of separate occupations and industries among those performed by plaintiff-appellant, yet refuse to permit plaintiff-appellant to base its workers' compensation premium calculations on five of those ten recognized occupations and industries."

The central argument of plaintiff's appeal is contained in the second assignment of error, and we first address plaintiff's contentions therein: that the trial court erred in not recognizing that defendants improperly denied plaintiff five additional manual classifications, especially in light of the commission's having granted five of the ten requested classifications.

Preliminarily we note, as did this court in *State ex rel. Porter Co. v. Klapp* (1958), 107 Ohio App. 486, 9 O.O.2d 38, 159 N.E.2d 360, that "[m]atters having to do with workmen's compensation fund classifications, premium merit rating and related topics, and the selection of various methods used therein are left to the sound discretion and good judgment of the Industrial Commission * * *." *Id.* at paragraph one of syllabus.

As a result, the commission is " * * * permitted a wide range of discretion in order to carry out the paramount purpose of the authority conferred by the Constitution 'to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimant thereto.' " *State ex rel. McHugh v. Indus. Comm.* (1942), 140 Ohio St. 143, 149, 23 O.O. 361, 364, 42 N.E.2d 774, 777. Indeed, as we noted in *Porter, supra*, R.C. 4123.34 specifically confers discretion upon the commission as it exercises its powers set forth in R.C. 4123.29 and 4123.31. Of particular note herein is R.C. 4123.29(A), which requires the administrator of workers' compensation to " * * * classify occupations or industries with respect to their degree of hazard, and determine the risks of the different classes and fix the rates of premium of the risks of the same, based upon the total payroll in each of the classes of occupation or industry sufficiently large

to provide a fund for the compensation provided for * * * and to maintain a state insurance fund from year to year. * * * "

Hence, in assessing plaintiff's contentions in declaratory judgment, we review the commission's determinations within the context of the discretion afforded the commission by statute and the interpretive case law.

■■■■ In determining appropriate manual classifications, the commission classifies by industry, not the working method. *State ex rel. River Mining Co. v. Indus. Comm.* (1940), 136 Ohio St. 221, 16 O.O. 246, 24 N.E.2d 947. As a result, "[e]mployees of different occupations may all come under the same manual applied to a particular industry," as the commission is not compelled " 'to segregate the payroll among the various classes of employments' embraced in such general business. * * * In other words there is no requirement that each occupation or type of operation within a given industry be classified or rated separately." *Id.* at 228, 16 O.O. at 249, 24 N.E.2d at 951. As the Supreme Court noted in *McHugh, supra:*

"It is the degree of hazard that is to be ascertained, for thereon depends the rates of contribution required of the employer. It seems clear that whatever be the nature of the work performed by an employee and whatever be his part in the organized force operated by the employer, the hazard of the employment depends upon the nature of the work being done by all together, whether the collective term to be applied thereto be occupation, industry or business." *Id.*, 140 Ohio St. at 149, 23 O.O. at 364, 42 N.E.2d at 777.

Applying those parameters to the facts before us, we note that initially plaintiff contends that due to its unique structure, including each of plaintiff's divisions operating as a separate entity in many respects, it is entitled to the additional manual classifications. In particular plaintiff contends that the commission's decision to deny plaintiff the five additional manual classifications is an improper exercise of the commission's discretion, as the commission has seen fit to grant plaintiff five manual classifications; and if plaintiff's business properly can be so classified, then no valid reason exists to deny five additional classifications. Despite plaintiff's strenuous assertions, we disagree. Indeed, contrary to plaintiff's argument, the commission is required, as noted above, to classify an employer according to the hazard presented. As a result, the commission would have abused its discretion if, in this case, it had refused plaintiff anything but a single manual classification under general construction. See *River Mining Co., supra*, 136 Ohio St. at 228, 16 O.O. at 249, 24 N.E.2d at 951. Specifically, plaintiff's clerical workers are not subject to the same hazard as, for instance, plaintiff's electrical, plumbing and drywall employees: clerical workers are not actually on a construction site. Cf. Ohio Adm.Code 4121–7–01. The same reasoning supports the commission's grant-

ing plaintiff additional manual classifications for cabinet shop, testing labs, and traveling sales persons and field representatives. Accordingly, the commission correctly drew a distinction between those employees and the ones directly involved in construction. The fact that the commission recognized this difference does not suggest an abuse of discretion, but rather an appropriate exercise of discretion in noting the distinction.

Nonetheless, plaintiff asserts that the commission abused its discretion in denying the five additional manual classifications because the employees in those five divisions frequently work for outside employers, not just plaintiff, and are thus exposed to a lesser hazard than if they worked solely in plaintiff's construction business. However, the fact remains that, in whatever work those five divisions may engage outside the Viox structure, they nonetheless are involved in plaintiff's construction business and the hazards inherent therein. The distinction the commission drew for plaintiff's clerical, landscaping, cabinetmaking, testing lab and sales employees simply does not support a separate classification for those divisions engaged in actual construction for plaintiff, even if only for a fraction of their jobs.

Moreover, a separate classification is inappropriate where a labor segregation is incomplete, thus allowing employees of one division to work for other divisions, as plaintiff's president admitted occurs in plaintiff's business operations. In essence, to warrant additional manual classifications, each division would have to maintain its own separate employees. Alternatively, in the absence of complete segregation, plaintiff at a minimum would be required to maintain bookkeeping that reflects which labor expended within a division was applicable to the manual classification assigned. As Robert Flynn explained, a single manual classification is assigned "[b]ecause of the problem of segregating labor in a manner which is acceptable to the bureau, and also the problem of segregating claims into these different manual numbers in order to arrive at a rating—merit rating or penalty rating for the employer."

In short, plaintiff's bookkeeping, to the minimal extent evidenced in the record, does not indicate a verifiable segregation of labor expended within the various divisions as being applicable to the requested manual classifications for that division. Indeed, the president of Viox indicated that he does not assign separate monies or totally separate bookkeeping and checking to the various divisions; that bookkeeping and payroll operate under one structure. While he testified that some administration is shared, and expenses of the divisions are kept separate, the type of segregation necessary to allow manual classifications is not evident in the record herein.

Finally, plaintiff notes the commission's concession that were these divisions separately incorporated, albeit doing the same work now being performed by

the divisions, a separate manual classification would be granted each division. While the commission's representatives both testified that separate corporations would probably result in a different manual classification for the divisions of Viox, such a result is appropriate under the facts herein. Specifically, with separate incorporation, the various divisions would have an industrial pursuit particular to that division, rather than that of the only corporation now in existence. Moreover, with separate incorporation, the necessary segregation of bookkeeping would be available. As a result, the fact that mere incorporation of each division would change the manual classification of plaintiff's divisions does not in itself require a different result herein.

Accordingly, we find the contentions under plaintiff's second assignment of error not well taken, and we overrule the second assignment of error.

■ In its first assignment of error, plaintiff contends that the trial court applied the wrong standard. Specifically, plaintiff points to the following language from the trial court's decision:

" * * * The Court is reluctant to substitute its independent (and inexperienced) judgment in such matters for the determinations made by the Industrial Commission. On the record available here, we defer to the expertise of the Industrial Commission, and to the discretion and judgment of the Industrial Commission which appears to have been properly exercised in this case."

While plaintiff asserts that the trial court applied a mandamus standard rather than the appropriate declaratory judgment standard, we disagree. Although the court phrases its decision in terms of an abuse of discretion, the case law in this area suggests that the commission is, indeed, vested with discretion and judgment in determining the appropriate manual classifications. As such, in ruling on the declaratory judgment action plaintiff filed, the court would, of necessity, have to determine whether the commission abused its discretion so as to contravene the statute vesting the commission with the authority to determine manual classifications. Accordingly, we find no reversible error in the standard the trial court applied in determining plaintiff's declaratory judgment action, and we overrule plaintiff's first assignment of error.

Having overruled both assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

BOWMAN, P.J., and REILLY, J., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.