[Cite as *Frey v. Frey*, 2009-Ohio-5275.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

RICK FREY,

    PLAINTIFF-APPELLANT,          CASE NO.  5-09-11

    v.

KIMBERLY FREY, nka NIGH,          O P I N I O N

    DEFENDANT-APPELLEE.

**Appeal from Hancock County Common Pleas Court
Domestic Relations Division
Trial Court No. 2001 DR 287**

**Judgment Reversed**

**Date of Decision:    October 5, 2009**

**APPEARANCES:**

    *Kevin P. Collins*  for Appellant

    *William E. Clark*  for Appellee

**SHAW, J.**

{¶1} Plaintiff-Appellant Rick Frey ("Rick") appeals from the March 17, 2009 Judgment Entry of the Court of Common Pleas of Hancock County, Ohio, Domestic Relations Division.

{¶2} Rick and Kimberly Frey nka Nigh ("Kimberly") are the parents of three children: Ashley Frey (DOB: June 7, 1996), Austin Frey (DOB: Nov. 1, 1997), and Chelsea Frey (DOB: Apr. 5, 1998), (hereinafter Ashley, Austin, and Chelsea Frey collectively referred to as "the children"). In May 2002, Rick and Kimberly divorced.

{¶3} The original divorce decree provided that Rick would be the residential parent of the children. The original divorce decree also did not provide for the payment of child support by either party. After the entry of the original divorce decree, Kimberly moved to reallocate parental rights in January 2003. The magistrate denied Kimberly's motion.

{¶4} In May 2004, Kimberly again moved to modify parenting time, the designation of residential parent, and moved for a review of child support. In May 2005, the magistrate granted Kimberly's motion to modify parenting time, finding that modification of the parenting time schedule was in the best interests of the children and ordering that Kimberly's weekly overnight visits be switched from Wednesday night to Thursday night; that Kimberly care for the children on

Saturday's while Rick worked; that Rick ensure that both he and Kimberly are on the children's school contact list; and, that Kimberly pay no child support to Rick based on the parties' incomes. In determining child support, the magistrate identified Father as the residential parent on the child support calculation worksheet and concluded that Mother should not be required to pay him child support.

{¶5} Thereafter, Kimberly filed a motion for clarification and reconsideration, alleging that the magistrate failed to address her request that Rick pay her child support and requesting reconsideration of the magistrate's order requiring her to care for the children on the Saturdays while Rick worked. Subsequently, the trial court granted the part of Kimberly's motion requesting clarification of the child support issue and remanded to the magistrate, but denied the portion of her motion requesting reconsideration of the relevant Saturday parenting time.

{¶6} In June 2005, the magistrate issued a supplemental order, in which it designated Kimberly as the residential parent and obligee on the child support worksheet for purposes of calculating child support, which yielded a guideline child support figure of $1,013.68 per month owed by Rick. In doing so, the magistrate noted that the figures used in its May 2005 calculation worksheet and its June 2005 calculation worksheet were identical and that the only difference was

the designation of Father as the nonresidential parent and obligor on the June 2005 calculation worksheet instead of Mother.

{¶7} The magistrate then deviated from the guideline support amount pursuant to R.C. 3119.22 and R.C. 3119.23, finding that Kimberly's income was "not sufficient to cover what she expends on the children"; that Kimberly's new husband provided financial assistance; that the children would be with Kimberly "a majority of the time when school is out of session and a significant portion of the time when school is in session"; that "[g]iven the significant amount of time each parent spends with the children, a guideline support figure would not be appropriate"; and, that requiring Rick to pay guideline support "would be burdensome and contrary to the best interests of the children." Consequently, the magistrate ordered Rick to pay Kimberly one-hundred dollars a month, per child, plus processing fees.

{¶8} In September 2005, Rick filed written objections to the magistrate's May 2005 order and June 2005 supplemental order. In May 2006, the trial court overruled Rick's objections to the magistrate's May 2005 order and June 2005 supplemental order. In July 2006, the trial court adopted the magistrate's May 2005 order and June 2005 supplemental order requiring Rick to pay Kimberly child support.

{**¶9**} Rick then appealed the July 2006 decision to this Court arguing that the trial court erred in ordering him to pay child support. *Frey v. Frey*, 3rd Dist. No. 5-06-36, 2007-Ohio-2991. Specifically, Rick argued that because he was designated as residential parent, the children resided primarily with him, and the divorce decree did not provide a shared parenting plan, that he should be not be required to pay child support. Additionally, Rick raised the issues of whether the parties were actually subject to a residential parent agreement or a shared parenting agreement, and if he was the residential parent, could he be ordered to pay child support.

{**¶10**} This Court concluded that Rick was the residential parent, as no shared parenting order was in place and a shared parenting order had never been requested. This Court also concluded that the trial court erred by designating Kimberly as the residential parent on the child support calculation worksheet and by then ordering Rick to pay child support without finding that it was in the best interest of the children. This Court then remanded the matter to the trial court "with instruction to determine if ordering Father to pay Mother child support is in the best interest of the children and, if so, to designate Father as the residential parent in calculating the pertinent child support worksheet." *Frey v. Frey*, 2007-Ohio-2991, at ¶37.

{¶11} After the remand, on May 12, 2008, the magistrate issued a decision in which the magistrate found that ordering Rick to pay child support was in the best interest of the children. It does not appear that any additional evidence was taken prior to the issuance of the magistrate's decision. Rick filed objections to the magistrate's decision on May 21, 2008. On March 17, 2009, the trial court adopted the magistrate's decision.

{¶12} Rick now appeals, asserting three assignments of error.

**ASSIGNMENT OF ERROR I**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY MODIFYING CHILD SUPPORT WITHOUT EVIDENCE SUFFICIENT TO ESTABLISH A CHANGE IN CIRCUMSTANCES.**

**ASSIGNMENT OF ERROR II**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FINDING THE CHILDREN'S BEST INTERESTS WERE SERVED BY ORDERING PLAINTIFF-APPELLANT, THE RESIDENTIAL PARENT, TO PAY CHILD SUPPORT TO THE NONRESIDENTIAL PARENT.**

**ASSIGNMENT OF ERROR III**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY EMPLOYING THE WRONG STANDARD FOR REVIEWING THE MAGISTRATE'S DECISION.**

{¶13} In his first assignment of error, Rick argues that the trial court erred by modifying the child support order without evidence establishing a change in

circumstances. As an initial matter, we note that child support modification is governed by R.C. 3119.79, which provides as follows:

**(A)     If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.**

**(B)     In determining the recalculated support amount that would be required to be paid under the child support order for purposes of determining whether that recalculated amount is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the court shall consider, in addition to all other factors required by law to be considered, the cost of health insurance the obligor, the obligee, or both the obligor and the obligee have been ordered to obtain for the children specified in the order. Additionally, if an obligor or obligee under a child support order requests that the court modify the support amount required to be paid pursuant to the child support order and if the court determines that the amount of support does not adequately meet the medical needs of the child, the inadequate coverage shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.**

**(C)     If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was**

**not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.**

{¶14} Accordingly, a court may only modify an existing child support order if there is a change of circumstances that is substantial enough to require a modification in the child support amount. R.C. 3119.79. See also, *Ayers v. Haas*, 3rd Dist. No. 15-07-13, 2008-Ohio-2405. If, upon recalculation, the new child support amount deviates from the existing order by at least ten percent, that deviation will be considered a change in circumstances warranting a modification of the child support amount. *Bentley v. Bentley,* 3rd Dist. No. 9-04-09, 2004-Ohio-5100, ¶ 8. It has long been the law in Ohio that "changes in the circumstances of the parties that may be considered must be material and not purposely brought about by the complaining party, and must be considered on the basis that the judgment sought to be modified was justified and proper when made." *Nash v. Nash* (1945), 77 Ohio App. 155, 32 O.O. 409, 65 N.E.2d 728, paragraph two of the syllabus.

{¶15} In the present case, the trial court made no determination on whether there had been a change of circumstances, sufficient to warrant a modification in the child support order. It does not appear, from the record before this Court, that either the magistrate or the trial court ever addressed the issue of whether a change in circumstances not contemplated at the time of the original divorce decree occurred.

{¶16} Moreover, upon our independent review of the record, we cannot find that a change in circumstances occurred, from those circumstances contemplated at the time of the original divorce decree that would support the present modification. It does not appear that the amount of time the children spent with either parent changed significantly from the time of the original divorce decree. Although Kimberly's weekly evening parenting time changed from Wednesday to Thursday, the amount of that time did not change. Also, Kimberly began watching the children on Saturdays when Rick worked. This was clearly contemplated at the time of the original divorce decree and Rick's work schedule did not change substantially. Moreover, Kimberly's work schedule did not change from the time of the original decree to the time of the proposed modification. Kimberly did not have steady employment at either point in time.

{¶17} Additionally, upon reviewing the record, we cannot find anything else in the record that would support a finding of a substantial change in

circumstances.  Accordingly, Rick's first assignment of error is sustained.  Because our resolution of the first assignment of error is dispositive of this appeal, we find the remaining two assignments of error are rendered moot.

{¶18} Based on the foregoing, the March 17, 2009 Judgment Entry of the Court of Common Pleas of Hancock County, Ohio, Domestic Relations Division is reversed.

*Judgment Reversed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**