[Cite as *Patterson v. Patterson*, 197 Ohio App.3d 122, 2011-Ohio-5644.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATTERSON, | : | APPEAL NO. C-110144 |
| | | TRIAL NO. DR-0800611 |
| Appellee, | : | |
| | | *O P I N I O N.* |
| v. | : | |
| PATTERSON, | : | |
| Appellant. | : | |

Civil Appeal From: Hamilton County Court of Domestic Relations

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 4, 2011

Randal S. Bloch and Deborah L. McPartlin, for appellee.

John K. Issenmann, for appellant.

Sylvia S. Hendon, Presiding Judge.

{¶ 1} This is an appeal from the trial court's entry awarding attorney fees to plaintiff-appellee, Dawn Patterson, from her former spouse, defendant-appellant, Clifford Patterson. Because we hold that the trial court was permitted to award fees under R.C. 3105.73(B) in the absence of a specific request from a party, and because no abuse of discretion occurred in the award of fees, we affirm the trial court's judgment.

### Factual Background

{¶ 2} The marriage between Dawn and Clifford was terminated by a decree of divorce in June 2009. In the divorce decree, Clifford was ordered to pay both child support and spousal support to Dawn. In March 2010, Clifford filed a motion to modify child and spousal support as a result of a change in income. In response to Clifford's motion, Dawn filed a verified motion for contempt and to execute an IRA transfer. In this motion, Dawn made a request for attorney fees. Dawn additionally filed a motion to compel with respect to Clifford's discovery responses. In the motion to compel, she requested an award of attorney fees pursuant to Civ.R. 37(A)(4).

{¶ 3} A hearing on these various motions was held before a magistrate. Prior to the commencement of the hearing, Dawn's counsel withdrew the motion to compel, but specifically reserved the issue of attorney fees and costs. During the hearing, Dawn introduced a bill from her attorney outlining the fees that had been incurred, as well as an affidavit from her counsel in support of the fee request.

{¶ 4} The magistrate issued a decision granting Clifford's motion to modify child and spousal support. But in his entry, the magistrate made no finding of contempt and did not rule on Dawn's request for attorney fees. Dawn filed

objections to the magistrate's decision on the grounds that the magistrate had failed to rule on her motion for attorney fees. The trial court sustained Dawn's objections. It remanded the case for the magistrate to "determine whether to award attorney fees as requested by plaintiff."

{¶ 5} Upon remand, the magistrate did not conduct a new evidentiary hearing, as he had been instructed by the trial court to make a fee determination based on the evidence presented at the initial hearing. The magistrate issued a decision awarding Dawn $2,596.68 in attorney fees pursuant to R.C. 3105.73(B). In his decision, the magistrate stated that he was not awarding fees under Civ.R. 37, because Dawn had not proceeded with her motion to compel.

{¶ 6} Both Dawn and Clifford filed objections to the magistrate's decision. The trial court overruled both parties' objections, and it adopted the magistrate's decision awarding attorney fees.

### Award of Fees

{¶ 7} In his sole assignment of error, Clifford argues that the trial court erred in awarding attorney fees to Dawn. We review the trial court's decision to award attorney fees for an abuse of discretion. *Lemarr v. Lemarr*, 1st Dist. No. C-100706, 2011-Ohio-3682, 2011 WL 3241388, ¶ 13.

{¶ 8} Clifford first argues that the magistrate was not authorized to award attorney fees pursuant to R.C. 3105.73(B) in the absence of a specific request from Dawn. R.C. 3105.73(B) provides that "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * *, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(B) contains no language providing that an award of fees under the statute is contingent upon a specific request from a party. We

conclude that as long as a party has notice that attorney fees are at issue, a trial court is permitted to sua sponte award attorney fees under this statute.

{¶ **9**} Clifford argues that he had not been put on notice that attorney fees could be awarded under this statute and, accordingly, had not been able to present a defense against the award of fees. In support of his argument, Clifford alleges that because Dawn had withdrawn her motion to compel, he did not believe that fees could be awarded under Civ.R. 37, the statute that Dawn had specifically cited in that motion. Clifford further alleges that because he had not been found in contempt, fees could not have been awarded for the cost to pursue that motion.

{¶ **10**} We are not persuaded by Clifford's arguments. The record indicates that Clifford had been on notice that Dawn intended to seek an award of attorney fees. Although Dawn had withdrawn her motion to compel, she had proceeded on her motion for contempt in which she had specifically requested an award of fees. Consequently, the issue of attorney fees was properly before the court for consideration. During the parties' hearing on both child support and contempt, Dawn testified concerning the attorney fees that she had incurred. A list of fees incurred and an accompanying affidavit from her attorney were entered into evidence. Clifford had the opportunity to cross-examine Dawn and question the affidavit and the fees requested, but he failed to do so.

{¶ **11**} We find that Clifford was on notice that Dawn intended to seek, and pursued at the hearing, an award of attorney fees. R.C. 3105.73(B) was applicable in this case, as it involved postdecree motions that arose out of an action for divorce. Consequently, the trial court was permitted to sua sponte award fees pursuant to R.C. 3105.73(B).

{¶ **12**} Clifford next argues that the trial court's award of attorney fees was inequitable. R.C. 3105.73(B) provides that when determining whether an award of fees would be equitable, the trial court may consider the income of the parties, the

parties' conduct, and any other relevant factors. See R.C. 3105.73(B). But the statute specifically states that the assets of the parties may not be considered. *Id.*

{¶ 13} Here, the magistrate gave the greatest weight to the parties' income in its decision to award fees. When calculating the parties' income, the magistrate specifically stated that as a result of Clifford's fluctuating income and history of greater earning ability, he had not reduced Clifford's income by the amount of the current spousal award. Even if the magistrate had reduced Clifford's income by the current spousal-support amount of $12,000 per year, an income disparity of approximately $24,000 would still be present between the parties. We find that no abuse of discretion occurred in the award of attorney fees to Dawn and that the award of fees was equitable.

{¶ 14} Clifford's sole assignment of error is overruled. The judgment of the trial court is, accordingly, affirmed.

Judgment affirmed.


CUNNINGHAM and FISCHER, JJ., concur.