[Cite as *Adams v. Adams*, 2013-Ohio-2947.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


MARISSA D. ADAMS,

    PLAINTIFF-APPELLEE,               CASE NO. 14-13-01

    v.

MICHAEL J. ADAMS,                   O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Domestic Relations Division
Trial Court No. 04-DR-0168

Judgment Reversed and Cause Remanded

Date of Decision: July 8, 2013


APPEARANCES:

    *Anthony W. Greco* **for Appellant**

    *Rebecca J. Stumler* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Michael Jason Adams ("Jason"), appeals the judgment of the Court of Common Pleas of Union County modifying his child support obligation and awarding Plaintiff-Appellee, Marissa Adams ("Marissa"), her attorney fees and litigation costs. On appeal, Jason argues that the trial court erred by: (1) finding that a substantial change of circumstances occurred; (2) finding that the parties agreed to remove Jason's obligation to reimburse Marissa for the cost of their minor child's health insurance; (3) failing to make findings regarding Jason's designation as obligor for child support purposes; (4) improperly calculating the parties' incomes; and (5) awarding Marissa her attorney fees and costs. For the reasons that follow, we reverse the trial court's judgment.

{¶2} Jason and Marissa were married in June 2003. The couple has one minor child, A.A., who is approximately 12 years old. In August 2004, divorce proceedings commenced and were concluded on January 13, 2005 when the parties entered into an agreed judgment entry and divorce decree.

{¶3} The divorce decree incorporated a shared parenting plan (the "Original Plan"). The Original Plan stated relevantly that "[t]he parties have agreed to a deviation in their child support obligation so that neither party shall pay the other child support." (Docket No. 48). It also required that Jason reimburse Marisa for A.A.'s health insurance premium up to a maximum of $200.00 per month.

{¶4} On October 19, 2010, Marissa filed a post-decree motion to terminate the Original Plan in which she requested to be designated A.A.'s residential parent and to receive approximately $600.00 in monthly child support. Her motion did not request an award of attorney fees or litigation expenses.

{¶5} The parties resolved many of the issues raised in Marissa's motion by filing an amended shared parenting plan (the "Amended Plan") on June 20, 2011. The Amended Plan, which was adopted by the trial court on July 12, 2011, left several issues unresolved, however, including child support, dependency tax exemptions, and health insurance. As to health insurance, the Amended Plan provided that "[t]he cost of health insurance coverage for [A.A.] shall be included in the child support calculation." (Docket No. 108, p. 12).

{¶6} After the filing of Marissa's motion, the parties experienced a variety of discovery disputes that were highlighted by several competing motions to compel and for Civ.R. 11 sanctions. Although the parties dismissed their discovery-related motions by agreement on August 2, 2011, Marissa filed a continuance motion on August 23, 2011 due to Jason's alleged failure to provide discovery. The trial court orally denied the motion on August 24, 2011, which was the date of the hearing on Marissa's motion for child support.

{¶7} At the hearing, the following relevant evidence was adduced. First, Jason was called by Marissa as though on cross-examination. He testified at

length regarding the payment of his monthly expenses and the relationship between his trucking business, MLA Trucking, and Adams Brother Farms, which is partly owned by his father, Michael Adams. Outside of this testimony, Jason did not discuss anything relating to a change in his financial circumstances since the Original Plan.

{¶8} Marissa then called Chrissy A. Powers, a forensic accountant, as an expert witness. Based on her review of the financial records disclosed by Jason, she found that several of the items he labeled as business expenses were questionable. Powers also found that Jason was using MLA funds to cover personal expenses. She estimated that from 2007 to 2011, Jason's income had an approximate range of $45,000.00 to $105,000.00. On cross-examination, Powers acknowledged that the items she labeled as questionable business expenses were properly claimed as business expenses for tax deduction purposes. She also admitted that her estimate of $105,000.00 for Jason's 2011 income was merely an estimate. Since Powers' testimony simply related to Jason's income from 2007 to 2011, it did not cover any changes in Jason's financial position since the 2005 filing of the Original Plan.

{¶9} Marissa then testified. According to her testimony, she had to cash in the proceeds from two retirement plans in 2008 and 2009 and that at various points she had to work two jobs to make ends meet. Despite her actions, Marissa said

-4-

that she was still running a $1,600.00 monthly deficit. Further, Marissa indicated that while Jason had repaid her for A.A.'s health insurance premium every month as required by the Original Plan, he did not reimburse her for the previous two months. Marissa also discussed the payment of her housing expenses. She owned her house with a roommate, who contributed $1,000.00 to the monthly payment of the mortgage. Additionally, Marissa rented part of the house out to another person, who paid anywhere from $400.00 to $700.00 per month. Despite covering her current financial situation, Marissa did not testify to her current position in relation to her position at the time of the Original Plan's filing.

{¶10} On October 19, 2011, the magistrate issued a decision with the following relevant findings: (1) Marissa's income for child support purposes was approximately $46,000.00 per year; (2) Jason's income for child support purposes was approximately $78,000.00 per year; and (3) there was a substantial change of circumstances meriting a modification of the original child support order. Based on these findings, the trial court awarded Marissa approximately $700.00 per month in child support. The trial court also ordered Jason to pay $2,036.67 in attorney fees and $8,427.90 in litigation expenses to Marissa.

{¶11} Jason appealed the trial court's judgment to this court. On appeal, we found as follows:

> Since the parties entered into an agreement to deviate the child
> support obligation to zero, * * * the trial court was required to find

more than a ten-percent deviation under R.C. 3119.79(A); the trial
court was also required to find a substantial change in circumstances
that was not contemplated at the time of the issuance of the child
support order under R.C. 3119.79(C).  The trial court failed to make
this additional finding prior to modifying the child support order
here, and therefore, erred as a matter of law.  *Adams v. Adams*, 3d
Dist. No. 14-12-03, 2012-Ohio-5131, ¶ 30 (hereinafter, "*Adams I*").

Consequently, we reversed the trial court's judgment and remanded this matter

with the instruction that the trial court "make further findings under R.C.

3119.79(C) based upon evidence in the record." *Id*.

{¶12} After remand, the trial court issued a judgment entry on December

17, 2012 in which it found that a substantial change of circumstances had occurred

under R.C. 3119.79(C).  The trial court's finding was as follows:

In the present case, the court FINDS that a substantial change of
circumstances that was not contemplated at the time of the issuance
of the original child support order has occurred since the last order
setting child support; specifically, on June 20, 2011, the parties filed
a first amended shared parenting plan, resolving many of the issues
in Marissa's motion to terminate the original shared parenting plan,
with the exceptions of child support, the dependency tax exemption,
and health insurance, those issues "[t]o be determined by the court."
* * *  It is clear that [sic] both parties that these three issues would
be resolved by the Court upon further hearing.  By incorporating the
agreement of the parties to remove [Jason]'s obligation to reimburse
[Marissa] for the cost of providing health insurance for [A.A.] and
that "the cost of health insurance coverage for the minor child shall
be included in the child support calculation," the agreed upon first
amended shared parenting plan on its face sets forth a substantial
change of circumstances that was not contemplated at the time of the
issuance of the original child support order.
On July 12, 2011, the trial court adopted the parties' first
amended shared parenting plan.  * * * The court notes that [Jason]
thereafter relied upon this agreement by not tendering

reimbursement to [Marissa] of the cost of providing health insurance to the child in the two months following the filing of the amended plan for shared parenting through the date of the motion hearing. Clearly there was a bargained for exchange between the parties upon which both parties relied and which constituted a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order and which occurred since the last order setting child support. (Docket No. 166, p. 4-5).

The trial court also readopted the other portions of its previous ruling.

{¶13} Jason timely appealed this judgment, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE FIRST AMENDED SHARED PARENTING PLAN'S LANGUAGE REMOVING FATHER'S OBLIGATION TO REIMBURSE MOTHER FOR THE COST OF PROVIDING HEALTH INSURANCE FOR THE MINOR CHILD AND INCORPORATING THE COST OF HEALTH INSURANCE COVERAGE INTO THE CHILD SUPPORT CALCULATION SETS FORTH A SUBSTANTIAL CHANGE OF CIRCUMSTANCES THAT WAS NOT CONTEMPLATED AT THE TIME OF THE ISSUANCE OF THE ORIGINAL CHILD SUPPORT ORDER.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE PARTIES AGREED TO REMOVE FATHER'S OBLIGATION TO REIMBURSE MOTHER FOR THE COST OF THE MINOR CHILD'S HEALTH INSURANCE AS SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

*Assignment of Error No. III*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE A FINDING OF FACT AS TO WHY FATHER IS DESIGNATED AS THE OBLIGOR FOR CHILD SUPPORT PURPOSES.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT PROPERLY CALCULATING BOTH MOTHER'S AND FATHER'S INCOMES BY FAILING TO CONSIDER MOTHER'S CONSISTENT RENTAL INCOME, BY FAILING TO CONSIDER DISCREPANCIES IN MOTHER'S MANY REPORTED GROSS INCOMES, AND BY IMPROPERLY IMPUTING INCOME TO FATHER FOR COSTS PAID FOR DEFENDANT'S RESIDENCE.**

*Assignment of Error No. V*

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING MOTHER'S ATTORNEY'S FEES AND LITIGATION COSTS.**

*Assignment of Error No. I*

{¶14} In his first assignment of error, Jason argues that the trial court erred in finding a substantial change of circumstances that supported the modification of his child support obligation. We agree.

*Standard of Review*

{¶15} Since trial courts are vested with broad discretion in deciding whether to modify child support orders, *Woloch v. Foster*, 98 Ohio App.3d 806, 810 (2d Dist. 1994), we review a trial court's modification of a child support order

merely for an abuse of discretion, *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). A trial court abuses its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 2d Dist. No. 23037, 2010-Ohio-278, ¶ 17-18. When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

*R.C. 3119.79*

{¶16} R.C. 3119.79 controls the modification of child support orders and provides, in pertinent part, as follows:

> (A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.
>
> * * *
>
> (C) If the court determines that the amount of child support required to be paid under the child support order shall be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under

> the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enter in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

We have previously found that where the original child support order resulted from the parties' voluntary agreement, "R.C. 3119.79(A) must be read in conjunction with R.C. 3119.79(C)" to appropriately determine whether a modification of the order is proper. *Adams I* at ¶ 24.

{¶17} This matter focuses on the substantial change of circumstances requirement under R.C. 3119.79(C). A trial court granting a modification of child support "must find both (1) a change of circumstances, and (2) that such change in circumstance 'was not contemplated at the time of the issuance of the child support order.'" *Bonner v. Bonner*, 3d Dist. No. 14-05-26, 2005-Ohio-6173, ¶ 11, quoting R.C. 3119.79(C). It is well-established "that 'changes in the circumstances of the parties that may be considered must be material and not purposely brought about by the complaining party, and must be considered on the basis that the judgment sought to be modified was justified and proper when made.'" *Frey v. Frey*, 3d Dist. No. 5-09-11, 2009-Ohio-5275, ¶ 14, quoting *Nash v. Nash*, 77 Ohio App.3d 155 (9th Dist. 1945), paragraph two of the syllabus. Based on this general rule, a substantial change of circumstances typically exists

where the minor child's needs or the allocation of parenting time has changed. *E.g.*, *Melick v. Melick*, 9th Dist. No. 26488, 2013-Ohio-1418, ¶ 14-17 (finding substantial change of circumstances where couple's son developed violent tendencies, father stopped exercising his overnight visitations as a result, and son required additional child care); *Green v. Tarkington*, 3d Dist. No. 10-10-02, 2010-Ohio-2165, ¶ 14 (finding substantial change of circumstances where parental rights were reallocated under shared parenting plan and father spent more time with minor child); *Smith v. Smith*, 10th Dist. Nos. 99AP-453, 99AP-88 (Feb. 10, 2000) (finding substantial change of circumstances where shared parenting plan was terminated and residential parent designation changed). Conversely, there is generally not a substantial change of circumstances where there is a lack of evidence indicating that the parents' employment, parenting time, or respective financial positions have changed after the issuance of the original child support order. *E.g.*, *Frey* at ¶ 16 (finding no substantial change of circumstances where the parties' parenting time did not change significantly and where the mother's employment did not change); *Adams v. Sirmans*, 3d Dist. No. 5-08-02, 2008-Ohio-5400, ¶ 11 (finding no substantial change of circumstances where parties moved and remarried); *Steggeman v. Steggeman*, 3d Dist. No. 8-06-23, 2007-Ohio-5482, ¶ 16 (finding no substantial change of circumstances where there was no evidence that father's remarriage, mother's sharing of living expenses with significant other,

and mother's filing of bankruptcy petition occurred after the issuance of the original child support order); *accord Bright v. Collins*, 2 Ohio App.3d 421, 423 (10th Dist. 1982) ("[F]or if there has been no change in either the needs of the child for support, or in the ability of his parents to pay, then it follows that the original order must stand.").

{¶18} With these principles in mind, we are unable to find that there was a substantial change of circumstances in this matter. A review of the record reveals that since the Original Plan was instituted, John and Marissa have maintained the same allocation of parenting time and that A.A.'s needs have not dramatically changed. There is also no evidence in the record showing that the parties' earnings or financial positions have changed since the Original Plan. Based on this, we find that this matter falls under the ambit of cases in which the courts have not found a substantial change of circumstances.

{¶19} The trial court based its finding of a substantial change of circumstances on the Original and Amended Plans' different handling of A.A.'s health insurance costs. Even if the Amended Plan removes Jason's obligation to reimburse Marissa for A.A.'s health insurance premium,[1] it cannot constitute a

---

[1] We note that Marissa testified as follows regarding the Amended Plan's handling of health insurance:

> Q:    And you and Jason had an agreement prior to the shared parenting plan where he would basically pay 100 percent of [A.A]'s cost for health insurance?
> A:    The premium. Correct.
> Q:    The premium. I'm sorry, ma'am. And in our shared parenting plan you basically left the issue of health insurance premium reimbursement or sharing of it for the Court's order in this case, correct?

substantial change in circumstances because Marissa voluntarily agreed to the Amended Plan. In effect, there was a change in the parties' agreement, not in their circumstances, and Marissa knowingly brought on any changed treatment of A.A.'s health insurance by entering into the Amended Plan. *See Frey*, 2009-Ohio-5275, at ¶ 14. As a result, the trial court abused its discretion in finding that a substantial change of circumstances existed and awarding Marissa child support.

{¶20} Accordingly, we sustain Jason's first assignment of error.

### Assignments of Error Nos. II, III & IV

{¶21} Our resolution of Jason's first assignment of error renders his second, third and fourth assignments of error moot. Consequently, we decline to address them. *See* App.R. 12(A)(1)(c).

### Assignment of Error No. V

{¶22} In his fifth assignment of error, Jason argues that the trial court erred in awarding Marissa her attorney fees and litigation costs. Specifically, he claims that Marissa is barred from recovering her fees and costs since she failed to request them in writing. We agree and consequently reverse the trial court's award of attorney fees and litigation expenses.

{¶23} Since this is a post-divorce decree proceeding, the dictates of R.C. 3105.73(B) apply. It provides, in pertinent part, as follows:

A:      Right. And I believe since it was left for the Court, what we said in mediation that all of that would not change and would remain the same until the Court made a new decision. Hearing Tr., p. 150-51.

> In any post-decree motion or proceeding that arises out of an action for divorce, * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' incomes, the conduct of the parties, and any other relevant factor the court deems appropriate * * *. R.C. 3105.73(B).

We review a trial court's award of attorney fees and litigation costs under R.C. 3105.73(B) for an abuse of discretion. *Patterson v. Patterson*, 197 Ohio App.3d 122, 2011-Ohio-5644, ¶ 7 (1st Dist.).

**{¶24}** Our decision in *Barto v. Barto*, 3d Dist. No. 5-08-14, 2008-Ohio-5538, is directly on-point to this matter. There, the trial court awarded attorney fees to the mother under R.C. 3105.73(B) even though she did not request such an award in her motion. *Id.* at ¶ 38. Due to the lack of such a request, we sustained the father's assignment of error and reversed the trial court's attorney fees award. *Id.* at ¶ 40; *see also Hubbard v. Hubbard*, 3d Dist. No. 4-08-37, 2009-Ohio-2194, ¶ 11 (reversing attorney fee award where the party "did not seek attorney fees in her original motion"); *Miller v. Miller*, 9th Dist. No. 09CA0025, 2010-Ohio-1251, ¶ 31 (same). Based on this well-established precedent, we likewise find that the trial court abused its discretion in awarding attorney fees and litigation expenses to

Marissa, who did not request attorney fees in her original motion for child support.[2]

**{¶25}** Accordingly, we sustain Jason's fifth assignment of error.[3]

**{¶26}** Having found error prejudicial to Jason in the first and fifth assignments of error, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, J., concurs.**

**SHAW, J., concurs in Judgment Only.**

**/jlr**

---

[2] We also note that our resolution of the first assignment of error renders Marissa a non-prevailing party. Under well-settled law, non-prevailing parties are generally precluded from recovering attorney fees and litigation expenses. *E.g.*, *Hubbard* at ¶ 11.

[3] Marissa also failed to comply with Loc.R. 18.12(A), which states that "[a] request for attorney fees and expenses to prosecute an action shall be made in writing and shall be included in the body of a motion or other pleading that gives rise to the request for fees."