[Cite as *Ho v. Co*, 2024-Ohio-2424.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| CHIA CHI HO, | : | APPEAL NOS. C-230571 |
| | | C-230645 |
| Plaintiff-Appellant, | : | TRIAL NO. DR-2001507 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| CARLOS CHUA CO, | : | |
| Defendant. | : | |


Appeals From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 26, 2024


*Chia Chi Ho*, pro se,

*The Family Law & Fertility Law Group* and *Ross M. Evans*, Appellee Guardian Ad Litem for the minor child.

**BERGERON, Judge.**

{¶1}     During a contested divorce and related child custody proceeding, the domestic relations court appointed a guardian ad litem ("GAL"), appellee Ross Evans, to represent the best interests of the parents' minor child.  Throughout the domestic relations court proceedings, the GAL generated and requested fees exceeding $150,000.  Plaintiff-appellant Chia Chi Ho ("Mother"), understandably frustrated by these fees and other aspects of the court proceedings, appealed the judgment.  Following the conclusion of the appeal, where our court upheld the GAL's fees, he orally requested that the domestic relations court award him additional fees, ostensibly for services rendered during the course of the appeal.  Separately, Mother also filed a complaint in the court of common pleas against the GAL, claiming intentional infliction of emotional distress, legal malpractice, and defamation.  The GAL's work defending against this suit prompted a request for additional fees from the domestic relations court.  The domestic relations court granted both requests, awarding additional fees of $16,980.68 (for the appeal) and $1,400 (for the separate lawsuit).  Mother now appeals pro se, maintaining that the trial court erred when it awarded the GAL fees accrued through the prior appeal and common pleas suit.  We agree, for the reasons explained below.  We accordingly sustain her sole assignment of error, reverse the trial court's judgments, and remand the cause to the trial court with instructions to vacate both fee awards.

I.

{¶2}     Mother and defendant Carlos Chua Co ("Father") (together, "Parents") were married in 2005 and share one minor child, C.C., born in 2007.  In 2020, Mother requested and received a civil protection order removing Father from the family home

and preventing contact between Father and C.C. And later that year, Mother filed for divorce. After an agreed entry resolved the domestic violence matter, Father filed an emergency motion for temporary custody and to suspend Mother's parenting time.

{¶3} The court held a hearing and granted Father's emergency motion. And at the trial court's own discretion, it sua sponte appointed the GAL to represent the child's best interests. The court charged the GAL with ascertaining the best interests of the child, and it commissioned him to conduct appropriate interviews and to review necessary documents to help reach this conclusion.

{¶4} Throughout the underlying litigation, Mother was represented by five different attorneys, but she has proceeded pro se since the 2022 appeal. That revolving door of attorneys may explain some of the challenges that Mother has faced in ensuring that proper arguments are raised and preserved in the domestic relations court proceedings.

{¶5} In October 2021, the trial court entered a decision on the parties' property. And in March 2022, it held a parenting trial, ultimately issuing a decision on custody, support, and fees in June 2022. Finally, in July 2022, the trial court issued a decree of divorce which encompassed the decisions issued by the trial court upon the conclusions of the property and parenting trials. Mother appealed this decision pro se, and in May 2023, this court concluded the court's order was not yet final because it failed to address spousal support.

{¶6} On remand, the trial court made the required changes to finalize the order, and Mother filed a new notice of appeal, raising various assignments of error regarding GAL fees, purported due process violations, and alleged ex parte communications. While this court noted its concern with the "extremely high" GAL

3

fees, because Mother failed to adequately challenge most of the GAL fees issues below and did not develop her arguments on appeal (largely lacking both analysis and citations to legal authority), we nonetheless upheld the fees awarded. *See Ho v. Co*, 1st Dist. Hamilton No. C-220319, 2023-Ohio-2969.

{¶7} Following the appeal, the trial court held a hearing on various motions pending before it on October 16, 2023. During the hearing, the GAL indicated that he had two requests for fees: one for "the fees that were accrued * * * through the * * * court of appeals" and one for "guardian ad litem fees * * * for the expense [he] incurred in a lawsuit [Mother] filed against [him] in the Court of Common Pleas."

{¶8} According to the record, the only pending request for GAL payment at the time of the hearing was the GAL's August 29, 2023 request and order for payment of GAL fees and expenses. This request totaled $3,930 for expenses, fees, and time related to defending a complaint Mother filed with the common pleas court alleging claims for the intentional infliction of emotional distress, legal malpractice, and defamation against the GAL. Specifically, the GAL requested $1,400 for his work defending the common pleas case and $2,530 for his attorney's fees on the matter. In the common pleas matter, the GAL filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, which the trial court granted.

{¶9} Nonetheless, following the hearing on October 16, 2023, the trial court ordered the payment of $16,980.68 with the following breakdown: $3,419.56 to be released from the funds on deposit with the clerk of courts, $6,780.56 to be deposited by Mother, and $6,780.56 to be deposited by Father. And on November 13, 2023, it ordered the payment of $1,400 (out of the total $3,930 requested on August 29, 2023) for the time the GAL spent defending himself in the common pleas suit.

4

{**¶10**} Mother now appeals both the October 16, 2023 (for fees totaling $16,980.68 accrued, at least in part, through the GAL's work defending his fees on appeal) and November 13, 2023 (for fees totaling $1,400 accrued through the GAL's work defending himself in the common pleas suit) orders granting GAL fees and expenses.

II.

{**¶11**} Mother filed two appeals contesting separate GAL fee awards: C-230571 (challenging the October 16, 2023 GAL fee award) and C-230645 (disputing the November 13, 2023 GAL fee award). In December 2023, this court consolidated the appeals.

{**¶12**} We will not reverse the trial court's awards of guardian ad litem fees " 'absent an abuse of discretion.' " *Ho*, 1st Dist. Hamilton No. C-220319, 2023-Ohio-3698, at ¶ 18, quoting *Swanson v. Schoonover*, 8th Dist. Cuyahoga Nos. 95213, 95517 and 95570, 2011-Ohio-2264, ¶ 23, citing *Gabriel v. Gabriel*, 6th Dist. Lucas No. L-08-1303, 2009-Ohio-1814, ¶ 15. An abuse of discretion occurs when a trial court "exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah,* 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. We proceed by reviewing the trial court's grant of each fee award for an abuse of discretion.

A.

{**¶13**} Regarding the appeal numbered C-230645, we agree with Mother that the trial court abused its discretion when it awarded the GAL fees for his work in a common pleas case where Mother sued him. For his defense against the suit (which was ultimately dismissed), the GAL requested that the *domestic relations court* award

GAL fees totaling $3,930—$1,400 for his work on the case and $2,530 for his attorney's work on the matter.

{¶14} As we see it, the GAL's fees derived from dealing with other litigation fall outside the scope of his appointment. To his credit, the GAL now appears to agree that those fees were improper, conceding the point at oral argument. If the GAL had some basis for a fee award (in derogation of the American rule) for the litigation occurring before the common pleas court, that court—not the domestic relations court—would have been best equipped to assess any fee shifting. Based on the record before us, we hold that the trial court abused its discretion when it awarded these fees.

B.

{¶15} Turning to Mother's second appeal numbered C-230571, she contests the court's October 16, 2023 entry granting the GAL fees totaling $16,980.68, raising various issues with the trial court's order. Specifically, Mother maintains that the GAL did not file a motion for the fees, the parties were not provided a chance to oppose the fees, the fees were not discussed at the hearing, the order is likely through an ex parte communication, the date of service is misleading, GAL fees accrued on appeal are not billable, and the order is an unfair surprise and imposes undue hardship.

{¶16} At the outset, we address the GAL's argument that Mother "incorrectly argues that she has been ordered to pay $16,980.68." The GAL seemingly alleges that because the fee award was split between Parents, Mother has standing to challenge only her portion of the fees—totaling $8,490.34. But it is well-settled that an appellant may challenge an error committed against a nonappealing party if the appealing party can show prejudice from the error. *See In re J.T.*, 8th Dist. Cuyahoga No. 111749, 2022-Ohio-4214, ¶ 22, citing *In re M.M.*, 8th Dist. Cuyahoga No. 79947, 2002 Ohio

6

App. LEXIS 463, 16-18 (Feb. 7, 2002). Here, Parents equally split the GAL fees. Therefore, Mother can show prejudice from the imposition of the full fee amount, including Father's share, because her portion of fees derives from the overall fee amount.

{¶17} Because Mother has standing to challenge the full fee award, we now turn to the substance of her appeal. A domestic relations court may appoint a GAL to determine what is in the best interest of a minor child. In this case, the trial court's order appointing the GAL outlined four specific responsibilities:

> 1) review records pertaining to the child and his family; 2) interview school personnel, medical and mental health professionals, and relevant court workers and obtain records from these sources; 3) review relevant pleadings in the case; and 4) perform any other necessary investigation to make a recommendation about the child's best interests.

*Ho*, 1st Dist. Hamilton No. C-220319, 2023-Ohio-2969, at ¶ 68 (Kinsley, J., dissenting).

{¶18} To receive compensation, a GAL must "keep accurate records of the time spent, services rendered, and expenses incurred in each case while performing the responsibilities of a guardian ad litem." Sup.R. 48.03(H)(1). They bear responsibility for ensuring that such "itemized statement[s]" are shared monthly with the parties, and they "shall file" those statements with the court "upon the conclusion of those responsibilities." *See* Sup.R. 48.03(H)(2)-(3). Additionally, the Hamilton County Court of Domestic Relations Local Rule 10.5 ("Loc.R. 10.5") limits the court's ability to award fees for "[g]uardian ad litem services exceeding the initial deposit." The court

7

may only order subsequent deposits or payments "upon filing of a motion and affidavit." Loc.R. 10.5. These rules require transparency in the actions of a GAL to secure payment, and they impress upon the court the need to be vigilant in order to ensure that the fees are reasonable and appropriately tailored to the tasks at hand.

{¶19} Once a GAL requests payment, the court must provide an opportunity for the parties to be heard on the request for fees. *See In re J.C.*, 8th Dist. Cuyahoga No. 88199, 2006-Ohio-6446, ¶ 8-9 (holding the trial court erred when it did not provide father with an opportunity to challenge the itemized fees and the reasonableness of the hourly rate charged). In the attorney fees context, this court has previously held that the submission of itemized bills alone—without any opportunity for cross-examination or testimony on the reasonableness of the fees requested— constitutes an abuse of discretion because it deprives the affected party of its opportunity to be heard. *See Rummelhoff v. Rummelhoff*, 2022-Ohio-1224, 187 N.E.3d 1079, ¶ 47-48 (1st Dist.), citing *Hubbard v. Hubbard*, 3d Dist. Defiance No. 4-08-37, 2009-Ohio-2194, ¶ 12; *Bagnola v. Bagnola*, 5th Dist. Stark No. 2004CA00151, 2004-Ohio-7286, ¶ 36; *Patterson v. Patterson*, 197 Ohio App.3d 122, 2011-Ohio-5644, 966 N.E.2d 898, ¶ 10-11 (1st Dist.).

{¶20} Of utmost concern regarding Mother's appeal, the record does not contain any itemized statements for this fee request, leaving us completely unable to assess the work that generated these fees, the reasonableness of the amount of fees accrued, or whether they were consistent with the trial court's charge. While the entry awarding fees declares that "a statement of services (attached hereto) rendered by guardian ad litem was served upon counsel and/or pro se litigants by US Mail," the entry does not contain any such attachment. During the hearing, the GAL indicated

that he issued monthly billing statements to Parents, but these statements are not attached to the entry or contained elsewhere in the record. Underscoring the point, in his brief before this court, the GAL failed to identify any request for fees or itemized statements in the record, simply declaring that "[t]hese fees were accrued through October 2023, when this Court issued its opinion affirming all alleged errors, including payment of GAL fees pursuant to the Divorce Decree, in Appeal No. C-220319." The GAL bears responsibility for ensuring that the statements are submitted to the court upon conclusion of their work. *See* Sup.R. 48.03(H)(2)-(3). Itemized statements are critical to both the trial court's initial assessment of the reasonableness of fees and to our subsequent review. To that point, while the GAL assures us that the work at issue involved the appeal, he also seemed to indicate to the trial court that we had already blessed these fees (which we hadn't). In reviewing the transcript of his colloquy with the trial judge, there appears to be some confusion as to what the fees were incurred for, which is exactly why the itemized statement filed in the record is a prerequisite to a fee award.

{¶21} Further, the domestic relations court can only award fees for GAL services exceeding the initial deposit upon the GAL's filing of a motion for fees and an affidavit. Loc.R. 10.5. Here, the GAL indicated to the court that he had submitted an "order" (specifically noting it was only an "order" and not a "request and order") for the payment of the fees accrued through the court of appeals, and the record lacks any motion for fees (or related affidavit). The motion and affidavit mirror the requirement for transparency underlying the itemized statement obligation.

{¶22} And finally, like the party in *Rummelhoff*, Mother was denied her opportunity to be heard—she did not have an opportunity for cross-examination or

9

testimony on the reasonableness of the fees. During the hearing on various motions, Mother asked if she could question the GAL about his fees, and the court incorrectly responded that the issue had "already been decided by the Court of Appeals." Nowhere during the hearing was the amount of fees requested by the GAL—totaling $16,980.68—discussed or its reasonableness assessed.

{¶23} Because the record demonstrates that the GAL failed to comply with the procedural requirements of both Sup.R. 48.03(H) and Loc.R. 10.5 and because the trial court failed to provide Mother with an opportunity to challenge the reasonableness of the GAL fees awarded, we hold the trial court abused its discretion when it awarded the GAL fees in its October 16, 2023 entry. We reverse the fee award on this issue, which obviates the need to address the other issues raised by Mother regarding the appeal numbered C-230571.

{¶24} We pause and offer a concluding thought. While we upheld the prior GAL fee award of over $150,000 because Mother had waived many of the issues that she sought to advance in the prior appeal, that should not be read as our endorsement of the staggering amount of fees awarded. The total GAL fees at issue in this case exceed by a large margin any reported Ohio case that we could find and shock the conscience, begging the question of why the GAL or the trial court did not exercise their discretion to keep these fees in check. We fear that future fee awards of anywhere close to this magnitude may bankrupt parties and thwart, rather than advance, the best interest of the child. We understand that GALs perform valuable services critical to the court, and sometimes their jobs are not easy. They may confront difficult personalities or fraught emotions of parents, not uncommon under the stress of divorce proceedings with a child's custody at stake. But, if such emotions get the better

of us (with the meter running), then everyone loses. For that reason, trial courts, consistent with the Local Rules, should ensure that GAL fees are measured and appropriately tailored to ascertaining and advancing the best interests of the child, and they must remain mindful of the financial consequences that excessive GAL fees might inflict on the child's family.

\*      \*      \*

**{¶25}** In light of the foregoing analysis, we sustain Mother's sole assignment of error and reverse the trial court's judgments in both C-230571 and C-230645. We remand the cause to the trial court with instructions to vacate the fee awards of $1,400 and $16,980.68.

Judgments reversed and cause remanded.

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.